UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALDO MEZA-GUZMAN,

               Petitioner(s),

    v.

ICE FIELD OFFICE DIRECTOR,[1]

               Respondent(s).

CASE NO. C26-1361-KKE

AMENDED SCHEDULING ORDER

Petitioner filed a petition for habeas corpus, and the Court issued a scheduling order. Dkt. Nos. 3, 4. Because Petitioner is representing himself and filing and receiving materials by mail, the Court AMENDS the scheduling order in the following respects to allow him sufficient time to file a reply and receive notice:

---

[1] In this case, Petitioner names as a respondent the "ICE Field Office Director" rather than the warden of the Northwest ICE Processing Center ("NWIPC"). The proper respondent for a habeas petition is the petitioner's immediate custodian or warden of the detention facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Under Federal Rule of Civil Procedure 21, the Court may, "on its own," and "on just terms, add … a party." Fed. R. Civ. P. 21. Here, although Petitioner fails to name his immediate custodian, the petition clearly challenges his detention at and seeks release from the NWIPC. Construing the petition liberally, as it must, the Court directs the Clerk to add Bruce Scott, Warden of the NWIPC, as a respondent in this action pursuant to Federal Rule of Civil Procedure 21. *See, e.g.*, *Urena v. Warden, Otay Mesa Det. Ctr.*, 26-CV-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026) (court *sua sponte* adding detention center warden as a respondent "[g]iven Petitioner's *pro se* status and his clear indication that he seeks release from the Otay Mesa Detention Center" and assuming jurisdiction over habeas action); *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 25 (D.D.C. 2011) (court *sua sponte* adding prison warden as "the proper respondent" in habeas action under Rule 21); *Devilmar v. U.S. Immigration & Customs Enf't ICE*, 3:26-CV-0009-JES-MSB, 2026 WL 130387, at *1 (S.D. Cal. Jan. 16, 2026) (declining to dismiss habeas petition for want of jurisdiction where petitioner failed to name detention center warden as a respondent "[i]n light of Petitioner's pro se status and the liberty interests at issue"); *Torres Munguia v. Attorney General*, 2:26-CV-1067-KG-GBW, 2026 WL 967363, at *1 n.1 (D.N.M. Apr. 9, 2026) (court *sua sponte* adding warden as the respondent and noting it "routinely substitutes" the "proper parties" as respondents in habeas actions under Rule 21).

AMENDED SCHEDULING ORDER - 1

1. Petitioner's reply deadline is EXTENDED to June 1, 2026.  The Government shall note its response for June 1, 2026.

2. The Government shall provide Petitioner notice one week (168 hours) before any action to move or transfer him from the Western District of Washington or to remove him from the United States.  Any such notice shall be filed on the docket.

Dated this 8th day of May, 2026.

Kymberly K. Evanson
United States District Judge

AMENDED SCHEDULING ORDER - 2