UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALDO MEZA-GUZMAN, | Case No. 26-cv-01361-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ICE FIELD OFFICE, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

On April 28, 2026, Petitioner Ronaldo Meza-Guzman filed this petition for a writ of habeas corpus, seeking release from detention at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he has been in custody since December 17, 2025. Dkt. 3 at 1. Petitioner used an outdated form to file his petition and as a result, much relevant information is missing. The petition also did not name Petitioner's custodian, the warden of NWIPC, as a respondent. His failure to do so temporarily deprived this Court of jurisdiction over the petition. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). On May 12, Respondents filed their response. Dkt. 7. On May 28, Petitioner filed a traverse that named the warden and gave the Court jurisdiction over the petition, *see* Dkt. 9, which is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although the form petition filed by Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, Respondents acknowledge that Petitioner "is a member of the *Rodriguez Vazquez* Bond Denial Class and that he has not yet had a bond determination hearing." Dkt. 7 at 3. In his traverse, Petitioner accepts Respondents' characterization of him as belonging to the Bond Denial Class of *Rodriguez Vazquez*. Dkt. 9 at 2. Absent any evidence to the contrary, the Court accepts the parties' joint determination that Petitioner belongs to the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

*Rodriguez Vazquez* class. As a member, he is entitled to a bond hearing. *See* 802 F. Supp. 3d at 1336.

Regarding any constitutional claims made by Petitioner, under the doctrine of constitutional avoidance, the Court need not consider them. The construction of the INA adopted in *Rodriguez Vazquez* alone entitles Petitioner to a bond hearing. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (although not required, under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question"). Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the habeas petition.

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 3) is GRANTED.

2.    Within fourteen days of receiving Petitioner Ronaldo Meza-Guzman's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.    Nothing in this order prevents an Immigration Judge from granting any request by Petitioner for a continuance in his bond proceedings.

Dated this 25th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3